IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **AYKEE HENDERSON, on behalf of himself and others similarly situated,** | ) ) ) CASE NO. ) |
| Plaintiff, | ) ) ) JUDGE |
| v. | ) ) |
| **CUYAHOGA COUNTY** | ) ) **COLLECTIVE ACTION COMPLAINT** |
| Defendant. | ) ) ) **JURY DEMAND ENDORSED HEREON** |

Plaintiff Aykee Henderson on behalf of himself and all others similarly situated (the "Putative Class"), brings this action against Defendant Cuyahoga County (the "County" or "Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. §216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and the conduct and acts of others.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b) and 28 U.S.C. §1331.

2. Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

## PARTIES

3. At all times relevant herein, Plaintiff was a citizen of the United States and resident of Cuyahoga County, Ohio.

4. At all times relevant herein, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

5. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(s)(1)(C).

6. Plaintiff's written consent to join this action is attached hereto as **Exhibit A**. Written consents to join this action when executed by other individual plaintiffs will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

7. At all times relevant to this Complaint, Defendant employed Plaintiff and other similar situated detention officers in a non-exempt hourly capacity.

8. During all times relevant to this Complaint, Plaintiff and other similarly situated detention officers frequently worked in excess of 40 hours per week.

9. Defendant's detention officers are responsible for the custody and discipline of individuals detained by Defendant.

10. Among other duties, detention officers search for contraband and provide security, count, feed, and supervise detainees.

11. At the beginning of each shift, prior to clocking in, Defendant requires Plaintiff and other similarly situated detention officers to undergo a security screening.

12. During the security screening the detention officers empty their pockets, remove their shoes, belts, and jackets and all metal objects, empty their bags, and submit any personal items in their possession for inspection.

13. Defendant requires the detention officers to undergo this screening for the purposes of safety, and to prevent officers from inadvertently or intentionally bringing contraband into the prison.

14. Keeping weapons and other contraband out of the prison is necessarily tied to the

detention officers' work of providing security and searching for contraband.

15. Thus, undergoing security screenings is integral and indispensable to the officers' principal activities.

16. Defendant, however, fails to compensate Plaintiff and similarly situated detention officers for time spent undergoing pre-shift security screenings.

17. Defendant's failure to compensate Plaintiff and the similarly situated detention officers resulted in unpaid overtime in violation of the FLSA. *See, Aguilar, et al. v. Management & Training Corporation*, 2020 U.S. App. LEXIS 3339 (10th Cir. Feb. 4, 2020)(pre-shift security screenings of corrections officers are integral and indispensable under *Busk* and therefore must be counted as hours worked for purposes of computing overtime).

18. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

20. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

21. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All former and current hourly non-exempt employees of Cuyahoga County who worked as Detention Officers and at any time during the last three years.

22. Such persons are "similarly situated" with respect to Defendant's FLSA

violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay for pre-shift work resulting in unpaid overtime, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

23. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

24. The persons similarly situated to Plaintiff are readily identifiable through the payroll records Defendant was required to maintain pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

25. Plaintiff and the Putative Class regularly work hours in excess of forty (40) in a workweek.

## COUNT I
**(Violations of the FLSA)**

26. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

27. Defendant is an employer covered by the minimum wage and overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

28. As employees for Defendant, Plaintiff and the Putative Class members worked hours in excess of the maximum weekly hours permitted under the FLSA but were not paid overtime for those excess hours.

29. The FLSA requires that Defendant's non-exempt hourly employees receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

30. Plaintiff and the Putative Class Members should have been paid overtime compensation at the rate of one-half times their regular rate of pay for all hours worked in excess of forty hours per workweek.

31. Defendant failed to pay the overtime compensation to Plaintiff and the Putative Class Members.

32. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

33. As a result of Defendant's violations of the FLSA, Plaintiff and the Putative Class Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. 216(b);

2. Awarding Plaintiff and the Putative Class members their unpaid wages including overtime wages as to be determined at trial together with any liquidated damages allowed by law;

3. For a judgment against Defendant for all damages, relief, or any other recovery whatsoever;

4. Awarding Plaintiff and the Putative Class their reasonable costs and attorney fees necessarily incurred herein; and

5. Awarding Plaintiff and the Putative Class such other and further relief as the Court deems just and proper.

Respectfully submitted,

NILGES DRAHER LLC

*/s/ Christopher J. Lalak*
**NILGES DRAHER LLC**
Christopher J. Lalak (0090079)
614 West Superior Avenue, Suite 1148
Cleveland, OH 44113-2300
Telephone: (216) 230-2955
Email: clalak@ohlaborlaw.com

Shannon M. Draher (0074304)
7266 Portage Street, NW
Suite D
Massillon, Ohio 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

/s/ *Christopher J. Lalak*
Christopher J. Lalak

*Counsel for Plaintiff*